UNITED STATES, Appellee

v

FORREST R. DAVIS, Private, U. S. Army, Appellant

22 USCMA 241, 46 CMR 241

No. 26,403

April 20, 1973

*Captain Thomas G. Parachini* argued the cause for Appellant, Accused. With him on the brief were *Colonel Arnold I. Melnick, Captain Peter M. Davenport,* and *Captain Gordon W. Hatheway, Jr.*

*Captain R. Craig Lawrence* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Ronald M. Holdaway, Major Thomas P. Burns, III, Captain Richard L. Menson,* and *Captain Glenn R. Bonard.*

## Opinion of the Court

QUINN, Judge:

The accused challenges the sufficiency of the evidence to support his conviction for unauthorized absence by a military judge sitting as a special court-martial.

We start with a special finding of fact by the trial judge that the accused's testimony at trial was "true and represents the facts of this case." An order was issued in June 1969 at Fort Gordon, Georgia, transferring the accused to Fort Lewis, Washington, with a reporting date of July 21. The accused testified that he never received or read the order. He had been informed by his first sergeant, about 2 days before he left Fort Gordon, that he was to go to "Overseas Replacement Station, Fort Lewis" which he understood to mean "Viet Nam." However, his occupational specialty had been changed because he had a "bad foot," and he believed that he would be reassigned. When he processed for departure from Fort Gordon, he was directed "to go home and wait for orders." In fact, a copy of the order of transfer, which was admitted into evidence, indicates that of the twenty-three names listed for transfer, only the accused's has under it the notation "(Records will be mailed)."

The accused went to his home of

record in Terre Haute, Indiana, where he remained for the period of his absence. In December 1971, prompted by a "lot of personal problems at home," he went to Fort Lewis "to see if . . . [he] could get out on a hardship or some kind of discharge." Instead, he was charged with unauthorized absence from July 21, 1969 to December 14, 1971.

Included in the judge's special findings was one to the effect that "an agent of the United States Government" had instructed the accused to go home "and wait for orders." The judge also found that, although "military authorities" at Fort Lewis wrote to the accused's mother to advise her that the accused was listed as absent without leave since July 21, the accused's mother never notified him of the letter, and the accused never directly received "any official communications from the Army." While acknowledging that the accused's testimony indicated that he was not "in fact, absent," the trial judge reasoned that "at some point along the line" it was "no longer reasonable" for the accused to continue to believe, as he testified he did, that he could remain at home because he had not received other orders. The judge found the accused not guilty of initiating an unauthorized absence on July 21, 1969, as charged, but determined the accused was absent without authority from January 21, 1970, to December 14, 1971, the date the accused appeared at Fort Lewis. It may fairly be inferred that the date of inception is the day the judge deemed the accused could no longer reasonably believe he could remain at home pursuant to the order he received when he left Fort Gordon.

So far as it involves authority to return home with instructions to await further orders, this case resembles United States v Hale, 20 USCMA 150, 42 CMR 342 (1970) in which we held that the evidence was insufficient to support the findings of guilty. The Government postulates a number of arguments to justify a contrary conclusion in this case. Oppositely, appellate defense counsel contend that *Hale's* rationale also requires reversal of the findings of guilty here.

Whether *Hale* is dispositive of this case need not detain us. The special findings of fact by the trial judge demonstrate that we are not dealing with an unauthorized absence and a mistaken belief on the part of the accused that he had authority to remain away, but with specific authorization to remain away until the receipt of further orders. As the special findings establish, the accused went home with authority and with instructions to remain there until he received other orders. The instructions did not require the accused to inquire from time to time about his status. Thus, at all times between June 27, 1969, and December 14, 1971, the accused was where he was required to be by the order. That order was never countermanded or altered. Consequently, if the accused acted contrary to his lawful obligations, his misconduct was not in remaining at home, but in leaving his home to go to Fort Lewis. If the accused's stay was unreasonably long, the fault was the Army's. The Army cannot charge the accused with criminal responsibility for its own mistake; it cannot convert its negligence into punishable misconduct by the accused. We conclude, therefore, that the evidence, as found by the trial judge, does not support the charge of unauthorized absence. United States v Reeder, 22 USCMA 11, 46 CMR 11 (1972).

The decision of the Court of Military Review is reversed. The findings of guilty and the sentence are set aside, and the charge is ordered dismissed.

Judge DUNCAN concurs.

DARDEN, Chief Judge (concurring):

This case differs from United States v Hale, 20 USCMA 150, 42 CMR 342 (1970). In that case, the accused on similar facts was convicted of conduct unbecoming an officer and gentleman, in violation of Article 133, Uniform Code of Military Justice, 10 USC § 933. For differing reasons, a majority of the Court found that the conviction could not stand since it basically involved an unauthorized absence. I dis-

sented because of my belief that different rules govern absence without leave by an enlisted man and conduct unbecoming an officer. As an officer, Hale was obliged after a reasonable period of time to inquire about the reasons for the inordinate delay in receiving his orders. I concluded that his failure to do so permitted his conviction of a violation of Article 133.

This accused's case is different. He is an enlisted man and was convicted of absence without leave. The military judge specially found that his absence was with authority. Since lack of authority for the absence is an essential element of a violation of Article 86, UCMJ, 10 USC § 886, his conviction cannot stand. Accordingly, I concur in the principal opinion.